## NATIONAL LABOR RELATIONS BOARD v. WEIRTON STEEL CO.

### No. 8041.

Circuit Court of Appeals, Third Circuit.

Heard on Petition for Adjudication in Contempt, Oct. 18, 1944.

Decided Dec. 22, 1944.

Winthrop A. Johns, of Washington, D. C. (Alvin J. Rockwell, Gen. Counsel, Malcolm F. Halliday, Associate Gen. Counsel, and A. Norman Somers, all of Washington, D. C., W. G. Stuart Sherman, of Pittsburgh, Pa., and Jack Davis, of New York City, on the brief), for petitioner.

Earl F. Reed, of Pittsburgh, Pa. (Clyde A. Armstrong, John E. Laughlin, Jr., and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., on the brief), for respondent.

Before JONES, GOODRICH, and McLAUGHLIN, Circuit Judges.

PER CURIAM.

Following the decree of this Court in the above-entitled case, reported in National Labor Relations Board v. Weirton Steel Co., 135 F.2d 494, 499, the National Labor Relations Board petitioned the Court, alleging violation of the decree by the corporate defendant and certain individuals named therein and praying an adjudication of contempt and other relief. To this petition the respondents have filed several answers, one from the corporate defendant and certain of its officers, others made by individually named respondents who are officers of the local union, the formation and support of which is one of the objects of the attack. The petitioner now moves for a partial summary judgment on the pleadings, claiming that the allegations of its petition are sufficiently admitted by the respondents' answers to justify a conclusion that the respondents are guilty of the contempt charged.

The petition of the Board with some accompanying exhibits covers 71 printed pages. The answer of one group of respondents together with appendices covers 83 printed pages. The remaining answers are not so voluminous. The amount of space used to set out the charges alleged to constitute contempt and the defenses thereto do not, in themselves, to be sure, constitute a reason for denying judgment on the pleadings if that is a proper course to pursue. But the number of words used by the parties to tell their story certainly indicates an elaborate, if not necessarily involved, set of facts.

In support of its motion for judgment the Board contends that the allegations of

its petition, admitted or undenied by the answers, establish disobedience of the Court's decree in four respects. One is that the respondents have continued to dominate, interfere with the administration of, and contribute support to, named local labor organizations, ordered disestablished by the Court, through the successor to those organizations, called Weirton Independent Union, Incorporated. The second charge is that they have continued to engage in physical violence and to incite, encourage and assist others to do so for the purpose of discouraging employees from engaging in activities in support of an outside labor organization. Third, that the respondents have continued to encourage membership in the W. I. U. and discourage membership in the C. I. O. by discrimination in regard to employment. Finally, it is charged that they have continued to interfere with, restrain and coerce employees in the exercise of the latter's rights.

 The Board makes strong argument for the conclusion that the respondents have been guilty of contumacious conduct as charged. Thus, the Board argues that the admitted or undenied facts show that the respondents, by "jumping the gun," in relation to the effective date of the Board's order of disestablishment, sought to avoid the fatal absence of a "line of fracture" in the respondents' conduct toward the illegal old union and the now functioning new union. Cf. Roebling Employees Ass'n, Inc. v. National Labor Relations Board, 3 Cir., 120 F.2d 289, 295; Westinghouse Electric & Manufacturing Co. v. National Labor Relations Board, 2 Cir., 112 F.2d 657, 659, aff'd per curiam, 312 U.S. 660, 61 S.Ct. 736, 85 L.Ed. 1108. However justified the conclusion, which the petitioner urges, may ultimately appear to be upon a finding of the facts, then, just as now, it will rest upon inference alone. But, a court is without right to draw inferences favorable to a movant for summary judgment on pleadings. In that situation, all reasonable intendments and inferences from the pleadings are, as a matter of law, to be taken against the movant and in favor of the opponent. While many of the denials made by the respondents in the instant case are qualified by admissions, we do not find the admissions so clear-cut factually as to allow us properly to enter judgment on the basis thereof. For instance, we do not find that the respondents admit that the W. I. U. is virtually the old offending union under a new name. Properly, such a conclusion could only be drawn, if at all, from the facts as established upon due hearing. We do not think, therefore, that the petitioner makes out a case for an adjudication of contempt on the pleadings alone.

Accordingly, we shall appoint a Master to find the facts, with whom, the parties may, after hearing, file requests for findings. The Master's duties will not extend, however, to advising the Court upon conclusions of law or as to the relief, if any, appropriate to the facts found. That is a responsibility which rests upon the Court and which we shall assume and discharge. Counsel for the parties are requested to submit an appropriate order of reference and, if possible, agree as to the form thereof.

The petitioner's motion for judgment on the pleadings is denied and respondents' motion to dismiss is, likewise, denied. The case will stand for further consideration upon the Master's report.