Sarah B. DAVIS, as Administratrix of the Estate of Henry Blackwell, Deceased,

v.

Lawrence JOHNSON.

No. 55 C 191.

United States District Court
N. D. Illinois, E. D.

Dec. 30, 1955.

Harold R. Gordon, Chicago, Ill., for plaintiff.

John C. Melaniphy, Corp. Counsel, Edward R. Hartigan, Asst. Corp. Counsel, Chicago, Ill., for defendant.

BARNES, Chief Judge.

This cause is before the court on defendant's motion to dismiss the complaint for lack of jurisdiction over the subject matter, or, in the alternative, for failure to state a claim upon which relief can be granted.

As appears from the complaint, this is an action, brought by the Administratrix of the Estate of Henry Blackwell Deceased, against a police officer of the City of Chicago, to recover damages under the Civil Rights statute, Sec. 1983, Title 42 United States Code Annotated. It is alleged that defendant, acting under color of law and without provocation, struck Blackwell over the head with a loaded revolver, causing a bullet to be discharged from the revolver, and killing Blackwell.

Section 1983, Title 42, United States Code Annotated, upon which the action is based, reads:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

suit in equity, or other proper proceeding for redress."

It is the defendant's contention that Henry Blackwell's rights under the above statute were purely personal and do not survive him.

The only question presented by this motion is whether or not the plaintiff, Administratrix of the Estate of Henry Blackwell, Deceased, has a right to bring this action.

■ Congress has not, generally speaking, attempted to prescribe the causes of action which shall survive the death of either party to suits in the courts of the United States. It has been established that, where a cause of action is given by a federal statute and no specific provision is made by an act of Congress for its survival, it survives or not according to the principles of the common law; but if there is a Federal statute relating to the subject, the statute is controlling. 1 C.J.S., Abatement and Revival, § 135, p. 183; § 27.10 Cyc. Federal Procedure; United States v. Leche, D.C., 44 F.Supp. 765; Sullivan v. Associated, etc., 2 Cir., 6 F.2d 1000, 42 A.L.R. 503. Causes of action under Federal statutes have been held to survive although the statute is silent on the question. In Moore v. Backus, 7 Cir., 78 F.2d 571, 101 A.L.R. 379, a right of action to recover triple damages for violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, was held, under the common law, to survive death of the injured party. In Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 128 F.2d 645, 648, where it was held that an action to recover triple damages for violation of the Sherman Anti-Trust Act would survive the death of a person by or against whom it might have been brought, the court said:

"* * * it is well settled that, with respect to a cause of action created by act of Congress, the question of survival is not one of procedure but one which depends 'on the substance of the cause of action'."

In Bowles v. Farmers Nat. Bank, 6 Cir., 147 F.2d 425, at page 430, it was said:

"The question of the survival of the action, which did not exist at common law and is purely the creature of congressional enactment, is not governed by state statutes of survival. In the absence of an Act of Congress, the federal courts are entitled to apply the proper rules of federal law under their own standards."

The question of survival of actions under Section 1983, upon which this suit is based, has apparently never been adjudicated.

Counsel have cited no Federal statute decisive of the question, and the court finds none clearly so decisive.*

██ It is provided by Section 1983 that the action may be brought by the "party injured". The object of Section 1983 is to protect persons against misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with authority of state law. It would seem inconsistent with the purpose of the act to say that a State officer should be responsible if he only injured a person and not responsible to anyone if he killed the person. As plaintiff points out, such a holding would encourage officers not to stop after they had injured but to be certain to kill. It may be noted, too, that Congress has by Section 1988 of Title 42 (quoted below) stated the policy that "suitable remedies"

shall be extended for the "protection of all persons in the United States in their civil rights, and for their vindication". In Nordquist v. U. S. Trust Co., 2 Cir., 188 F.2d 776, 778, opinion by Mr. Augustus N. Hand, C. J., the court said:

"Where the frustration of the clear purposes of the Act is so patently the result of a failure to foresee the consequences of a seldom recurring situation, the courts in this strictly limited sphere have never been inclined to let the plaintiff go remediless. * * * We, therefore, read into the Jones Act the omitted survival proviso and remand the cause for a trial upon the merits."

And in VanBeeck v. Sabine Towing Co., 300 U.S. 342, at page 350, 57 S.Ct. 452, at page 456, 81 L.Ed. 685, Mr. Justice Cardozo states:

"Death statutes have their roots in dissatisfaction with the archaisms of the law which have been traced to their origin in the course of this opinion. It would be a misfortune if a narrow or grudging process of construction were to exemplify and perpetuate the very evils to be remedied. There are times when uncertain words are to be wrought into consistency and unity with a legislative policy which is itself a source of law, a new gen-

---

* Section 1988, Title 42 U.S.Code, which had its derivation in the Act of April 9, 1866, 14 Stat. 27, entitled "An Act to protect all Persons in the United States in their Civil Rights, and furnish the Means of their Vindication" reads:

"The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

It has been held that this section has reference not to the extent or scope of jurisdiction, nor to the rules of decision, but to the forms of process and remedy. In re Stupp, 23 Fed.Cas.No.13,563. In considering the field in which the question in this case lies, it is well to bear in mind the Illinois Wrongful Death statute, Chap. 70, Illinois Rev.Stat.1955, § 1 et seq.

erative impulse transmitted to the legal system. 'The Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed.' Its intimation is clear enough in the statutes now before us that their effects shall not be stifled, without the warrant of clear necessity, by the perpetuation of a policy which now has had its day."

The court concludes that, in order to carry out the purposes of the statute and *to prevent an injustice which would arise if plaintiff were to go remediless*, it should construe the words "party injured" to include the administratrix of the estate of one who was killed in violation of Section 1983.

The motion to dismiss the complaint will be overruled and denied, and an order to that effect has this day been made.