Hattie BRAZIER, Individually and as Administratrix of the Estate of James Brazier, Plaintiff

v.

W. B. CHERRY, Randolph McDonald, Zachry T. Mathews, Sheriff, Shirah Chatman, Howard Lee, and The Fidelity and Casualty Company of New York, Defendants.

Civ. A. No. 475.

United States District Court
M. D. Georgia,
Americus Division.

June 1, 1960.

On Motion for Reconsideration
Aug. 11, 1960.

---

D. L. Hollowell, Atlanta, Ga., C. B. King, Albany, Ga., for plaintiff.

Charles J. Bloch, Macon Ga. Joseph M. Ray, Sol. Gen., Cuthbert, Ga., for defendants.

BOOTLE, District Judge.

In this action plaintiff, individually and as administratrix of the estate of James Brazier, her deceased husband, seeks to recover damages for injuries to and the subsequent death of James Brazier resulting from alleged acts "calculated to deprive the said James Brazier of his rights and privileges to be secured in his person and further to deprive him of due process and equal protection of the law." She names as defendants the Chief of Police and three police officers of the City of Dawson, Terrell County, Georgia, the Sheriff of Terrell County, Georgia, and The Fidelity and Casualty Company of New York, surety on the bond of defendant sheriff.

Defendants have filed a motion to dismiss the complaint on two grounds, inter alia: 1) It fails to state a claim upon which relief can be granted; and

818

2) the Court lacks jurisdiction over the subject matter. All parties have submitted written briefs on the questions raised by defendants' motion, and after careful study and consideration, this court is of the opinion that defendants' motion must be granted. In considering said motion the court has taken the allegations of the complaint as amended as true.

Jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. § 1343, which provides in part as follows:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

\* \* \* \* \* \*

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

This section gives the district courts jurisdiction only of civil actions "authorized by law to be commenced." Thus, the question arises whether the complaint sets forth an action "authorized by law to be commenced."

The complaint also invokes jurisdiction under the provisions of 42 U.S.C.A. §§ 1981, 1983, and 1985. Section 1981 provides for equal rights under the law, but does not create any civil action for deprivation of such rights. Section 1983 creates a civil action for deprivation of rights, and Section 1985 provides for an action for damages resulting from a conspiracy to interfere with civil rights.

The language of these two sections—1983 and 1985—is particularly important in resolving the question before this court. Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable *to the party injured* in an action at law, suit in equity, or other proper proceeding for redress." [Emphasis supplied.]

Similarly, Section 1985 provides in part:

"[I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, *the party so injured or deprived* may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators." [Emphasis supplied.]

These sections which create causes of action to redress deprivations of civil rights vest such causes of action in the party injured or deprived. Neither section provides for the survival of the right of action after the death of the "party injured." Therefore, this court must answer the question whether, in the absence of a statutory provision for survival, a right of action for deprivation of civil rights is extinguished by the death of the "party so injured or deprived."

The Supreme Court was confronted with a similar problem in Michigan Cent. R. Co. v. Vreeland, 1913, 227 U.S. 59, 33 S.Ct. 192, 195, 57 L.Ed. 417, in determining whether the right of action created by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., survived the death of the party injured. In decid-

ing that the right of action was extinguished by the death of the employee, the Court said:

"The statutes of many of the states expressly provide for the survival of the right of action which the injured person might have prosecuted if he had survived. But unless this Federal statute which declares the liability here asserted provides that the right of action shall survive the death of the injured employee, it does not pass to his representative, notwithstanding state legislation. The question of survival is not one of procedure, 'but one which depends on the substance of the cause of action.' * * *

"Nothing is better settled than that, at common law, the right of action for an injury to the person is extinguished by the death of the party injured. The rule, 'Actio personalis moritur cum persona' applies, whether the death from the injury be instantaneous or not."

This being true, the right of action which James Brazier might have been vested with, had he lived, was extinguished with his death.

The Supreme Court has also said:

"It is settled that at common law no private cause of action arises from the death of a human being. * * * The right of action, both in this country and in England, depends wholly upon statutory authority." Panama R. Co. v. Rock, 1924, 266 U.S. 209, 45 S.Ct. 58, 69 L.Ed. 250.

" 'It is a singular fact that by the common law the greatest injury which one man can inflict on another, the taking of his life, is without a private remedy.' " The Harrisburg v. Rickards, 1886, 119 U.S. 199, 7 S.Ct. 140, 142, 30 L.Ed. 358.

There being no federal statute giving this plaintiff a cause of action for the wrongful death of her husband, this action cannot be maintained.

Plaintiff also attempts to invoke the diversity jurisdiction of this court, alleging that defendant Fidelity and Casualty Company of New York is a New York corporation. But this court does not have diversity jurisdiction unless *all* defendants are citizens of states diverse from the state of plaintiff's citizenship. Russell v. Basila Mfg. Co., 5 Cir., 1957, 246 F.2d 432. It affirmatively appears from plaintiff's complaint that plaintiff is a citizen of Georgia, and the individual defendants, being public officers of Dawson or Terrell County, Georgia, are obviously citizens of this state also. Therefore, diversity jurisdiction is lacking.

Even if Fidelity and Casualty Company of New York were the sole defendant named, the court would still lack jurisdiction for the reason that plaintiff's complaint affirmatively shows that the bond executed by Fidelity as surety is limited to $10,000, while the jurisdictional amount required in a diversity action is more than $10,000.

For the reasons herein given, the court is of the opinion that this action cannot be maintained in this court. Therefore, defendants' motion to dismiss the action is hereby granted. Because of the disposition given defendants' motion to dismiss, it is unnecessary to rule on defendants' motions to strike and motions for more definite statement.

Let defendants' counsel prepare an appropriate order, submitting same to opposing counsel who shall have five days for suggestions as to form.

On Motion for Reconsideration

On June 11, 1960, counsel for plaintiff filed a motion for reconsideration of the action of this court in dismissing plaintiff's complaint in the above-styled action. After carefully considering briefs submitted by counsel for all parties, the court is of the opinion that its order issued June 1, 1960 is in accordance with law, and that such order should not be vacated or set aside.

Counsel for plaintiff have brought to the court's attention, for the first time in their brief submitted with their motion for reconsideration, a decision by Judge John P. Barnes, Chief Judge of the United States District Court for the Northern District of Illinois, holding that "party injured" as used in Section 1983 includes the administratrix of the estate of one who was killed in violation of that section. Davis v. Johnson, D.C. N.D.Ill.1955, 138 F.Supp. 572. Counsel for plaintiff also rely for the first time on a number of cases cited by Judge Barnes in his opinion.

The court has carefully studied Judge Barnes' opinion and the cases cited therein, and, with due deference to that able jurist, finds itself compelled to reach a contrary conclusion.

Two cases cited by Judge Barnes and by plaintiff's counsel—Moore v. Backus, 7 Cir., 1935, 78 F.2d 571, 101 A.L.R. 379, and Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 1942, 128 F.2d 645—were actions to recover treble damages for violation of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., and are clearly distinguishable from the present action. As Judge Parker observed in the Barnes case, supra, 128 F.2d at page 649:

> "The cause of action created by the Sherman Act is based, not on injuries affecting the person, but on injuries affecting property rights. It is given to 'any "person" who shall be injured in his business or property' by unlawful practices forbidden by the act * * *. *This, of course, is an injury of a very different sort from an injury to the person;* and the great weight of authority is to the effect that the cause of action survives." [Emphasis supplied.]

Consistent with this distinction recognized by Judge Parker is the case of Nelson v. Knox, 6 Cir., 1956, 230 F.2d 483, holding that an action under the Civil Rights Statute claiming damages for violation and destruction of property rights would survive.

The court's attention has also been directed to the case of Nordquist v. United States Trust Co. of New York, 2 Cir., 1951, 188 F.2d 776, which held that an action for wrongful death under the Jones Act, 46 U.S.C.A. § 688, did not abate with the death of the *tortfeasor.* That decision is based on "an implied survivorship provision in the Jones Act" (at page 777), and offers no assistance in the instant case since the statute under scrutiny here contains no language from which survivorship could be implied.

The case of Van Beeck v. Sabine Towing Co., 1937, 300 U.S. 342, 351, 57 S.Ct. 452, 456, 81 L.Ed. 685, has been cited for the following principle:

> " 'The Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be *recognized and obeyed.*' "

However, in the statute under consideration, Congress has failed to intimate any intention that the causes of action created by Sections 1983 and 1985 shall survive the death of the party injured. There are indications that the intention was to the contrary. Section 1983 derives from Section 1 of the Act of April 20, 1871, and Section 1985, from Section 2 of that Act. Section 1986 derives from Section 6 of the same Act and provides for an action for neglect to prevent acts prohibited by Section 1985 and further provides:

> "[A]nd if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."

If Congress had thought that survivorship would exist as to each of these three causes of action without an express provision to that effect, it would not have been necessary for it to say in Section 1986 that "the legal representatives of the deceased *shall have* such action therefor". [Emphasis supplied.] Having said that only in that section the inference arises that it did not intend to say it in the other two sections. The reason for the differentiation is not clear. The argument is made that it would seem inconsistent with the purpose of the Act to say that a state officer should be responsible if he only injured a person and not responsible to anyone if he killed the person. It may be noted that Sections 1983 and 1985 are aimed at wilful malfeasance, while Section 1986 is directed toward acts of mere neglect. It should be remembered also that in the event of the injured person's death his widow and next of kin have their rights and remedies in the appropriate state courts. It may be that Congress felt that where, as a result of wilful misconduct, a state officer killed a citizen state courts could be relied upon for appropriate relief, but that where state officers are to be held responsible only for neglect to act the federal cause of action should be preserved for the benefit of the widow and next of kin.

The plaintiff sues individually and as administratrix. She seeks to assert both her husband's right of action and her own alleged action for wrongful death. The case upon which she primarily relies, Davis, as Admx. of the Estate of Henry Blackwell, deceased v. Johnson, supra, supports her only with respect to her right to her husband's right of action. That case did not involve a death action. The brief of counsel for defendants asserts that a separate suit for wrongful death of Henry Blackwell was filed in a State Court of Illinois.

The plaintiff, admitting that there is no specific survival provision in the civil rights act, claims that, as the result of a personal tort committed against her husband resulting in his death, her property has been injured. If she were legally correct there would be no need for wrongful death statutes.

For the reasons stated herein, this court is of the opinion that plaintiff's motion for reconsideration must be overruled and denied.