James A. JONES, Jr., Plaintiff,

v.

Jerry LOGUE, David Vaupel, Floyd Nevling, James Miles, George Reilly, Gary Start, and Marty Smith, individually and in each of their capacities as police officers with the Allegheny County Police Dept., and the Allegheny County Police Dept., Defendants.

No. Civ. A. 84–2667.

United States District Court, W.D. Pennsylvania.

Aug. 14, 1985.

Michael L. Rosenfield, Pittsburgh, Pa., for plaintiff.

Evan E. Lloyd, Asst. County Sol., David M. Newhart, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Presently before us is Defendants' Motion for Judgment on the Pleadings, pursuant to Fed.R.Civ.P. 12(c).

The Complaint alleges that defendants violated plaintiff's civil rights by seizing alleged fireworks and by destroying some of the fireworks without testing them to determine whether, in fact, they were fireworks. Plaintiff alleges violations of 42 U.S.C. §§ 1983, 1985 and the Fourteenth Amendment. Plaintiff demands compensatory and punitive damages, as well as declaratory and injunctive relief. We will deny Defendants' motion.

### Standard

In considering a motion brought under Rule 12(c), all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1368, at 691. The motion only has utility when all material allegations of fact are admitted and only questions of law remain. *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980). In addition, all reasonable inferences are drawn in favor of the nonmoving party. *NLRB v. Weirton Steel Co.*, 146 F.2d 144 (3d Cir.1944); *Chuy v. National Football League Players Ass'n*, 495 F.Supp. 137, 138 (E.D.Pa.1980). Since a motion for judgment on the pleadings is directed towards a determination of the substantive merits of the controversy, courts are generally unwilling to grant such a motion unless it is clear that the merits can be fairly and fully decided in this summary manner. 5 C. Wright & A. Miller, *supra*, § 1369, at 700.

### The Complaint

The Complaint alleges that Plaintiff was arrested on June 29, 1983 and charged with the unlawful sale of fireworks. Complaint, ¶¶ 6–7. At the time of arrest, Defendants allegedly confiscated certain items which were destroyed by Defendants some time between June 29 and July 13, 1983. *Id.* ¶¶ 8–9. Plaintiff alleges that Defendants followed procedures of the Allegheny County Police Department in destroying certain items listed in Exhibit 1 to Plaintiff's Complaint, but never examined these items prior to their destruction to determine whether or not they were "fireworks" as defined by Pennsylvania law. *Id.* ¶¶ 11–12. Plaintiff alleges that defendants never obtained a court order authorizing destruction of plaintiff's property, and that no evidence was ever presented at plaintiff's trial in the Court of Common Pleas of Allegheny County as to whether or not the items listed in Exhibit 1 were, in fact, fireworks.

Plaintiff seeks a declaratory judgment to declare unconstitutional the procedure by which defendants destroy suspected fireworks without a hearing or court order; a declaratory judgment that an owner of fireworks may have fireworks returned if he can demonstrate that the fireworks will be transferred to or sold in a state where such sale is legal; a permanent injunction prohibiting defendants from destroying suspected fireworks without a hearing or court order; compensatory and punitive damages, and attorney's fees.

### Discussion

Defendants have moved for a judgment on the pleadings, arguing that, accepting as true "all uncontradicted facts," they are entitled to judgment based on four theories: 1) failure to exhaust state remedies; 2) collateral estoppel; 3) mootness of the claims for declaratory and injunctive relief; and 4) that the items seized and destroyed were "fireworks" as defined under Penn-

sylvania law, and were properly confiscated and destroyed. Motion for Judgment on the Pleadings, ¶¶ 1, 2. We will examine these contentions in turn, noting, however, that defendants' assertion that all "uncontradicted" facts are taken is true is erroneous. As we stated before, the standard under Rule 12(c) requires us to take as true *all* the factual allegations of the Complaint.

A. *Failure to Exhaust State Remedies*

■ A party is not required to exhaust state remedies as a prerequisite to bringing civil rights action in federal court. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492, 503 (1961); *see also Patsy v. Board of Regents*, 457 U.S. 496, 500, 102 S.Ct. 2557, 2559-60, 73 L.Ed.2d 172 (1982); *Allee v. Medrano*, 416 U.S. 802, 815, 94 S.Ct. 2191, 40 L.Ed.2d 566, 580 (1974); *Schultz v. Baumgart*, 738 F.2d 231, 237 (7th Cir.1984); *Schwartz v. Judicial Retirement System*, 584 F.Supp. 711, 718 (D.N.J.1984).

B. *Collateral Estoppel*

Defendants' Answer states, as a defense, that after arrest and prior to trial, Plaintiff filed a motion on September 28, 1983 with the Court of Common Pleas of Allegheny County seeking the return of the confiscated items. Answer, ¶ 16. The Answer further states that, on February 15, 1984, Plaintiff filed a Motion for Rule to Show Cause why the confiscated items should not be returned. *Id.* ¶ 17 and Ex. A. Plaintiff's Motion was denied by summary order of March 8, 1984. *Id.* ¶ 18 and Ex. C. Defendants rely on this order in asserting that it collaterally estops plaintiff in the present action. *See* Defendant's Brief in Support of Motion for Judgment on the Pleadings, at 3. Defendants state "[t]he state court's order is dispositive of the issues of whether defendants acted properly under state law." *Id.*

■ Under the doctrine of collateral estoppel, a court's decision on an issue of law or fact, which is necessary to its judgment, is conclusive with respect to that issue in subsequent suits based on a differ-

ent cause of action involving a party to the first case. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). It is now firmly established that the doctrine of collateral estoppel is applicable to actions brought under § 1983. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Collateral estoppel applies when 1) the issue decided in the prior litigation is identical to the issue presently before the court; 2) the prior litigation resulted in a judgment on the merits; 3) the party against whom estoppel is asserted is a party, or in privity with a party to the prior proceeding; and 4) the opportunity to present the claim in the prior proceeding was full and fair. *Miller v. Indiana Hospital*, 562 F.Supp. 1259, 1279 (W.D.Pa.1983) (citing *Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 844 (3d Cir.1974) ).

■ We have no indication, on the basis of a one-sentence order, as to the basis of the court's denial of Plaintiff's Motion to Return Property in the state court proceedings. We certainly cannot say, as defendants assert, either that the state's court order is dispositive of the issue of whether defendants acted properly under state law, or whether such a finding should be given collateral estoppel effect in Plaintiff's federal civil rights action.

C. *Mootness*

Defendants also argue that plaintiff's claims for injunctive and declaratory relief are moot because Plaintiff's property has been destroyed. Defendant's Brief, at 3. We decline to rule on this argument in the context of a 12(c) motion. We note only that Defendants are asserting that the relief requested is inappropriate; we prefer to reserve such decisions until after a decision on the merits.

D. *The Seizure and Destruction Were Proper*

■ 35 Pa.Stat.Ann. § 1271 provides that

The term "fireworks" shall mean and include any combustible or explosive composition or any substance or combination of substances, or, except as hereinafter provided, any article prepared for the purpose of producing a visible or an audible effect by combusion, explosion, deflagration or detonation, and shall include blank cartridges and toy cannons in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, Roman candles, aerial fireworks, or other fireworks of like construction, and any fireworks containing any explosive or flammable compound or any tablets or other device containing an explosive substance.

The term "fireworks" shall not include sparklers, toy pistols, toy canes, toy guns, or other devices in which paper caps containing twenty-five hundredths grains or less of explosive compound are used, providing they are so constructed that the hand cannot come in contact with the cap when in place for the explosion, and toy pistol paper caps which contain less than twenty hundredths grains of explosive mixture, the sale and use of which shall be permitted at all times, nor shall the term "fireworks" include toy cannons which operate on the principle of mixing calcium carbide, weighing less than one tenth of an ounce, and water in the reservoir of the cannon and in which ignition results upon the creation of a spark.

The statute makes it unlawful to offer for sale, expose for sale, sell at retail, or use or explode any fireworks. 35 Pa.Stat.Ann. § 1272. "Competent operators," however, may be approved by local governing bodies to display fireworks under certain conditions. *Id.* Sale of nonprohibited fireworks are not forbidden if sold by resident dealers, wholesalers, or jobbers, nor is the sale of any kind of fireworks prohibited if shipped directly out of state, or if the fireworks are to be used by a person holding a permit from a municipality. *Id.* § 1275. Fireworks are also permitted for agricultural use, use by railroads or other transportation agencies for signal purposes, or for certain carefully specified other uses. *Id.* The Pennsylvania State Police, or any sheriff, police officer, or constable, are empowered to "seize, take, remove, or cause to be removed" fireworks held, sold, or used in violation of the Act. Id. § 1276.

Defendants state that "[a] review of Exhibit 1 shows that the items in question fall within [the broad definition of fireworks contained in 35 Pa.Stat.Ann. § 1271]."

Section 1271 excludes certain specified items from the definition of "fireworks." Among these are "sparklers ... or other devices in which paper caps containing twenty-five hundredths grains or less of explosive compound... [or] toy cannons [meeting certain specified requirements]." Examining Exhibit 1, we note that among the items listed are 360 packs of "Morning Glory Sparklers." On the basis of the pleadings, this Court cannot say either that the items in Plaintiff's possession were "fireworks" or that the destruction was proper. More importantly, the issue here is not whether the defendants acted properly under state law, but whether the actions taken under the alleged procedures of the Allegheny County Police Department satisfy federal constitutional standards. *See Schultz v. Baumgart,* 738 F.2d 231, 236 (7th Cir.1984).

Because we consider judgment on the pleadings inappropriate under each of the four theories asserted, we will deny Defendant's Motion.

## ORDER

AND NOW, to-wit, this 14th day of August, 1985, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion be and hereby is DENIED.