**HOFF SUPPLY COMPANY, t/a Keeler-Hoff Supply Company, Plaintiff,**

v.

**ALLEN–BRADLEY COMPANY, INC., Defendant.**

No. CV-90-758.

United States District Court,
M.D. Pennsylvania.

Sept. 18, 1990.

J. David Smith, Joanne C. Ludikowski, Williamsport, Pa., for plaintiff.

David J. Griffith, Philadelphia, Pa., E. Eugene Yaw, Williamsport, Pa., for defendant.

MEMORANDUM

McCLURE, District Judge.

**I. PROCEDURAL HISTORY**

This is a contract action based on diversity jurisdiction. Plaintiff Keeler–Hoff Supply Company, Inc. ("Keeler–Hoff") filed a complaint on March 20, 1990 in the Court of Common Pleas of Lycoming County. Subsequently, the defendant, Allen–Bradley Company, Inc. ("Allen–Bradley"), removed the case to the United States District Court for the Middle District of Pennsylvania.

On June 12, 1990 Allen–Bradley filed a motion for partial judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), with respect to Count I of the complaint. For

---

the reasons set forth in this memorandum the motion for partial judgment on the pleadings will be granted.

## II. FACTS

The undisputed material facts, as alleged in the pleadings may be summarized as follows:

Keeler–Hoff is a Pennsylvania corporation with its only offices in this state. Keeler–Hoff is in the business of selling, distributing and dealing in plumbing, heating, electrical and industrial products and related services on behalf of the manufacturers of such products.

Allen–Bradley is a Wisconsin corporation which manufactures various electrical and industrial products. These products are sold through dealers.[1]

In 1983 Keeler–Hoff entered into a contractual relationship with Allen–Bradley, whereby Keeler–Hoff agreed to become a dealer of Allen–Bradley products. The contracts which formed the basis of this relationship were entered into in Wisconsin.[2] The contracts indicated that plaintiff's primary areas of responsibility for distribution were located in Pennsylvania.[3] Allen–Bradley terminated Keeler–Hoff's various dealership contracts effective January 5, 1990.

The complaint alleges that defendant Allen–Bradley improperly terminated Keeler–Hoff as a dealer of defendant's products.

## III. PARTIAL JUDGMENT ON THE PLEADINGS

### A. Standard

In considering a motion brought under Fed.R.Civ.P. 12(c), all of the well-pleaded factual allegations in the adversary's pleadings are assumed to be true, while all contravening assertions in the movant's pleadings are taken to be false.[4] *Jones v. Logue*, 615 F.Supp. 442, 443 (W.D.Pa.1985) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1368, at 691). A Rule 12(c) motion only has utility when all material allegations of fact are admitted and only questions of law remain. *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980). In addition, all reasonable inferences are drawn in favor of the non-moving party. *Chuy v. National Football League Players Ass'n*, 495 F.Supp. 137, 138 (E.D.Pa.1980). Courts are reluctant to grant this type of motion, unless it is clear that the merits can be fairly and fully decided in this summary manner, because a motion for judgment on the pleadings is directed towards the merits of the case. 5 C. Wright & A. Miller, supra, § 1368, at 700.

### B. Count I of the Complaint

Defendant's Rule 12(c) motion is only directed at Count I of the complaint. Count I alleges that Allen–Bradley violated the Wisconsin Fair Dealership Law ("WFDL"), Wis.Stat. §§ 135.01–.07, through the termination of its dealership contracts with Keeler–Hoff. Allen–Bradley contends that the WFDL does not apply to Keeler–Hoff.[5]

The relevant portions of the statute state: " 'Dealer' means a person who is a grantee of a dealership situated in this state," Wis.Stat. § 135.02(2); and " 'Dealer-

---

1. The terms "distributor" and "dealer" are used interchangeably throughout this memorandum.

2. One of the contracts stated that it was to be governed by the laws of Ohio, the state where that particular division of Allen–Bradley was headquartered.

3. Plaintiffs were responsible for distribution in the counties of Potter, Tioga, Bradford, Sullivan, Lycoming, Clinton, Centre, Huntington, Juniata, Mifflin, Snyder, Union, Montour, Columbia and Northumberland. See Complaint at ¶¶ 9–11.

4. Plaintiff has submitted the affidavit of Samuel R. Hoff, principal owner of Keeler–Hoff, in opposition to defendant's motion for partial judgment on the pleadings. The court may not take cognizance of this affidavit for the purpose of ruling on defendant's motion for partial judgment on the pleadings under Rule 12(c). The affidavit is not part of the pleadings. *Melo v. Hafer*, 912 F.2d 628, 634 (3d Cir.1990).

5. Although the applicable state law has not yet been determined, for the purposes of this memorandum it will be assumed that Wisconsin law applies.

ship' means a contract or agreement ..."
Wis.Stat. § 135.02(3).

Allen–Bradley maintains that since Keeler–Hoff is not located within the geographic confines of Wisconsin the WFDL is inapplicable to plaintiff's conduct in Pennsylvania. Keeler–Hoff, on the other hand, asserts that the location of the dealership contract, rather than the dealer's physical location, is the determinative factor.

## C.  Discussion

The only question before the court concerns the applicability of the WFDL to the undisputed facts of this case. Since this is a question of law, it may properly be decided on a Rule 12(c) motion.

The courts of Wisconsin have already had the opportunity to decide on the applicability of the WFDL in situations such as this and have clearly come out on the side of the defendant. "This then, clearly establishes the legislature's intent to make the WFDL apply exclusively to dealerships that do business within the geographic confines of the state of Wisconsin." *Swan Sales Corp. v. Joseph Schlitz Brewing Co.,* 126 Wis.2d 16, 22, 374 N.W.2d 640 (1985) (since plaintiff only did business for Schlitz outside of the state of Wisconsin the agreement did not come within the terms of the WFDL); *Bimel–Walroth Co. v. Raytheon Co.,* 796 F.2d 840 (6th Cir.1986) (WFDL did not apply to Ohio distributor which had a contract with a Wisconsin manufacturer); see also *L–O Distributors Inc. v. Speed Queen Co.,* 611 F.Supp. 1569, 1578 n. 13 (D.Minn.1985).[6]

It should be noted that the defendant's argument, which is based on the physical location of the dealer, is incorrect. The case law clearly indicates that the relevant consideration is the geographic location where the dealer is doing business. See *Swan Sales Corp. v. Joseph Schlitz Brewing Co.,* 126 Wis.2d 16, 22, 374 N.W.2d 640 (1985).[7]

Since Keeler–Hoff does not have a contract with Allen–Bradley for the distribution of products in Wisconsin, the WFDL does not apply to plaintiff's claims.

---

6. In *L–O Distributors* the court concluded that the WFDL applied to both the Minnesota and Wisconsin portions of plaintiff's territory because: 1) while the majority of plaintiffs sales were in Minnesota, its distributorship included a substantial portion of the state of Wisconsin; 2) the parties always treated the Minnesota and Wisconsin territories as a single distributorship; and 3) the distributorship agreement entered into between the parties specifically provided that it was to be governed by Wisconsin law.

7. The use of the term "dealership" causes some confusion in the context of cases considering the application of the WFDL. The WFDL defines "dealership" as a contract or agreement granting the right to sell or distribute goods or services, or use a tradename or other commer-

cial symbol. Wis.Stat. § 135.02(3). However, when the cases refer to the location of the dealership it is clear that they are referring to the areas where the dealer is authorized to deal in the grantor's goods, i.e. where the dealership is doing business, and not the location of the contract. See *Swan Sales Corp. v. Joseph Schlitz Brewing Co.,* 126 Wis.2d 16, 20, 374 N.W.2d 640 (1985). (in upholding trial court decision which held that the dealership, rather than the dealer, has to be situated in Wisconsin, the court stated this "clearly establishes the legislature's intent to make the WDFL apply exclusively to dealerships that do business within the geographic confines of the state of Wisconsin." *Id.* at 22, 374 N.W.2d 640.