Eleanor PERKINS, Individually and as Administratrix of the Estate of Roger Brearley Perkins, and Alfred C. Perkins

v.

Philip M. SALAFIA, Jr., et al.

Civ. No. 14509.

United States District Court,
D. Connecticut.

Feb. 12, 1972.

Raynald B. Cantin, Hartford, Conn., for plaintiffs.

Joseph P. Cooney, John F. Scully, Cooney & Scully, Hartford, Conn., Robert K. Killian, State Atty. Gen., Raymond J. Cannon, Robert L. Hirtle, Jr., Asst. State Attys. Gen., Hartford, Conn., for defendants.

## RULING ON MOTIONS TO DISMISS AND STRIKE

BLUMENFELD, Chief Judge.

This civil rights suit involves the death by gunshot of Roger Brearley Perkins on May 12, 1969. The defendants, state police officers, have filed several motions which may be dealt with sequentially.

The plaintiffs in this suit are Alfred C. Perkins, whose relationship to the deceased is not set forth in the complaint, and Eleanor Perkins, the mother of the deceased Roger Perkins, who sues individually and in her capacity as administratrix of the estate of her son. The suit is brought under 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the court is properly vested with jurisdiction by 28 U.S.C. § 1343(3).

## I.

### The Plaintiffs as Individuals

The defendants have moved under Fed.R.Civ.P. 12(b) (6) to dismiss the complaint brought by the two plaintiffs in their individual capacities, for failure to state a claim upon which relief can be granted. Since a person may not sue for the deprivation of another's civil rights, Bailey v. Patterson, 369 U. S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), the plaintiffs as individuals must allege deprivation of their own federally protected rights in order to state a claim. The plaintiffs claim that the defendants' conspiratorial acts deprived them of "First Amendment rights" by concealing information; but not only does this bare incantation of the first amendment, without more, fall far short of stating a federal claim, the acts alleged were directed against the deceased and not against the individual plaintiffs.

The plaintiffs also would have the court construe the provisions of the Civil Rights Act of 1871 here involved as implicitly including a remedy for damages, which resulted to them from a relative wrongfully slain.

"(I)f it can be said that Congress has not provided a . . . remedy against state officials in their official capacities under Section 1983; and further, that there is no other federal remedy because Monroe v. Pape (365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)), left the question open, or because of the Eleventh Amendment, then this court looks to (Connecticut's) . . . remedy . . . as provided by 42 U.S.C. § 1988,[1] to fill this deficiency in federal law." Sostre v. Rockefeller, 312 F.Supp. 863, 886–887 (S.D.N.Y.1970) (footnote omitted), modified on other grounds sub nom. Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971).

Looking to the law of Connecticut: "(T)he Connecticut wrongful death statute (Conn.Gen.Stats. §§ 52–555, 52–595, 52–599) does not create a new and independent cause of action as do Lord Campbell's Act and statutes of some of the states which are patterned after it. For that reason this case is to be distinguished from cases decided under such statutes . . . . Under our statute the cause of action sued upon is not a new one created in the personal representative of the decedent or in the next of kin. It is the cause of action which had accrued to the decedent for the wrong done to him and which has survived to his personal representative by reason of the survival statute . . . (citing cases). . . . In the present case, therefore, the plaintiff as administratrix has no independent cause of action of her own. She stands exactly in the shoes of her intestate." Shaker v. Shaker, 129 Conn. 518, 520–521, 29 A.2d 765, 766 (1942).

Since Connecticut does not provide for an additional remedy for the plaintiffs in their individual capacities, one cannot be created by application of § 1988. The remedy Connecticut does provide is wholly adequate to vindicate the claim under § 1983. The plaintiffs' reliance on Galindo v. Brownell, 255 F.Supp.

---

[1]. Section 1988 provides in pertinent part: "The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . ."

930 (S.D.Cal.1966), is misplaced. In that case, the court applied California's version of Lord Campbell's Act, through § 1988, to hold that a mother had standing to sue under § 1983 for "any pecuniary loss sustained by loss of her son's society, comfort, attention, services and companionship." *Id.* at 931. But, unlike California, Connecticut has provided no such remedy, and § 1988 cannot create it. The defendants' motion to dismiss the claims of the plaintiffs as individuals is granted.[2]

## II.

*The Claims Under 42 U.S.C. § 1985(3)*

■ The defendants also move to dismiss the first and fifth counts of the complaint, which are primarily addressed to 42 U.S.C. §§ 1985(3) and 1986,[3] respectively, on the ground that the plaintiffs allege no "class-based, invidiously discriminatory animus behind the conspirators' action," relying on the language of the Supreme Court in Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338, 348 (1971). The court need not decide, however, whether that requirement enunciated by the Supreme Court to support an action for private conspiracies under § 1985(3) is also an essential element for actions against public officials. The plaintiffs plainly state that each count is founded also on § 1983 in which no such

element is required and which applies to the entire range of federal civil rights, not simply to equal protection.

The defendants also contend that a decedent's cause of action under § 1985(3) does not pass to his estate, and they press this contention as a ground for dismissal of the first count. As pointed out above, Conn.Gen.Stats. § 52–555 does furnish an appropriate remedy, within the directions of § 1988, for effectuating § 1983. It is equally appropriate for a cause of action based on § 1985(3). The defendants' motion to dismiss counts one and five of the complaint is denied.

## III.

*The Motion to Strike*

■ The defendants also move to strike certain paragraphs of the complaint which allege that the conspiracy in which the defendants allegedly participated was first discovered "by report of the Honorable Raymond J. Devlin acting as Referee and One Man Grand Jury on behalf of the State of Connecticut," under Fed.R.Civ.P. 12(f), on the grounds that these allegations are immaterial, impertinent, irrelevant and prejudicial. The allegations, however, are relevant as evidence of concealment by the defendants of the alleged wrong as constituting an admission of wrongful conduct. The motion to strike is denied.

---

2. In view of the disposition of this motion, it is unnecessary to rule on the defendants' motion to drop the plaintiffs as parties suing in their individual capacities "for misjoinder of claims."

3. 42 U.S.C. § 1985(3) provides:
"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured

in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."
42 U.S.C. § 1986 provides:
"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act . . . ."