**Myrtle HALL, Administratrix of the Estate of Charles Edward Hall, Deceased, Plaintiff-Appellant,**

v.

**Honorable George WOOTEN, Judge, et al., Defendants-Appellees.**

**No. 73-2078.**

United States Court of Appeals, Sixth Circuit.

Nov. 19, 1974.

---

Cline, McAfee, Adkins & Gillenwater, Carl E. McAfee, Donald E. Earls, Norton, Va., John N. Cornett, Whitesburg, Ky., for plaintiff-appellant.

Robert C. Muncy, Hyden, Ky., Grant F. Knuckles, Pineville, Ky., James S. Wilson, Pineville, Ky., for defendants-appellees.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This appeal from the dismissal of a complaint requires us to determine whether, in Kentucky, a cause of action for deprivation of civil rights under 42 U.S.C. § 1983 survives the death of the person injured and may be brought by his legal representative. We conclude that the action does survive and reverse the judgment dismissing the case and remand for further proceedings.

This action arises from the brutal murder of Charles Edward Hall by his drunken fellow inmates while he was incarcerated in the Leslie County Jail in Kentucky on December 24, 1972. The complaint, filed by decedent's mother as administratrix of his estate, alleged that defendants, who in their several capacities are responsible for the supervision of the jail, wrongfully and willfully failed to maintain it in a condition of safety for its inmates, and that this

breach of duty violated decedent's civil rights. Damages of $250,000 were prayed for.

The district court granted defendant's motions to dismiss on the ground that a cause of action based upon deprivation of personal rights under 42 U.S.C. § 1983 may be maintained only by the injured person and does not survive his death. In making this determination, the district court relied upon the language of section 1983, which makes a person who violates the Act liable to the "party injured," [1] and upon the cases of Madison v. Wood, 410 F.2d 564 (6th Cir. 1969), Denman v. Wertz, 372 F.2d 135 (3d Cir.), cert. denied, 389 U.S. 941, 88 S.Ct. 300, 19 L.Ed.2d 293 (1967), Nelson v. Knox, 230 F.2d 483 (6th Cir. 1956), Tyree v. Smith, 289 F.Supp. 174 (E.D. Tenn.1968), Krum v. Sheppard, 255 F. Supp. 994 (W.D.Mich.1966), aff'd, 407 F. 2d 490 (6th Cir. 1967), and Mosher v. Beirne, 237 F.Supp. 684 (E.D.Mo.1964), aff'd, 357 F.2d 638 (8th Cir. 1966).

■ None of these cases compels the conclusion of the district court. Madison v. Wood and Krum v. Sheppard, insofar as they are relevant, hold only that a United States district court should apply the statute of limitations of the forum state in determining whether a complaint based on section 1983 has been timely filed. In Tyree v. Smith, in dismissing a complaint under section 1983, the court held that a father, not acting in his representative capacity, has no standing to sue for the deprivation of the civil rights of his child. Mosher v. Beirne, a zoning case challenging the validity of an ordinance, stands for the proposition that one may not sue for the deprivation of another's civil rights. Denman v. Wertz, involving a child custody dispute between parents, is concerned with the nature of the claimed deprivation and has no relevance to this case. In Nelson v. Knox, where in holding that a section 1983 action based upon injury to property survives the death of its owner, we said that civil rights actions for injury to the person would not survive. The statement was clearly obiter dictum.

■ Although section 1983 provides for liability to "the party injured," it does not foreclose survival of the action in behalf of the estate of the injured party. Instead, in the absence of a specific act of Congress, a United States district court, under 42 U.S.C. § 1988, may refer to the law of the state in which it sits in order to determine whether an action under section 1983 for injury to the person survives.

Section 1988 provides in relevant part:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter . . . for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . .

■ In interpreting this statute, we consider its language and the construc-

1. 42 U.S.C. § 1983, provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

tion given it by other federal courts. The language plainly grants to United States district courts the power to apply state statutes in the trial and disposition of cases within their jurisdiction when federal laws are not adapted to the protection and vindication of civil rights so long as the state law to be applied is not inconsistent with the Constitution and laws of the United States. Moreover, the majority of courts that have considered whether civil rights actions for injury to the person survive have concluded that they do by reference to the law of the forum state. *E. g.,* Brazier v. Cherry, 293 F.2d 401 (5th Cir.), cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L. Ed.2d 136 (1961), Perkins v. Rich, 289 F.2d 153 (8th Cir. 1961), Holmes v. Silver Cross Hospital of Joliet, Illinois, 340 F.Supp. 125 (N.D.Ill.1972), Galindo v. Brownell, 255 F.Supp. 930 (S.D.Cal. 1966). *See also,* Davis v. Johnson, 138 F.Supp. 572 (N.D.Ill.1955), *but see* Landman v. Royster, 354 F.Supp. 1302 (E.D.Va.1973), where an action for injury to the person was brought *against* the estate of a decedent.

The United States Congress in other legislative schemes has not provided for the survival of statutory rights created, and the Supreme Court, in order to effect the purposes of the legislation, has held that the state law might be considered in fashioning federal law on the question of survival of the action. *E. g.,* Cox v. Roth, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955), construing the Jones Act, 46 U.S.C. § 688, and cases cited in Brazier v. Cherry, 293 F.2d 401 (5th Cir.), cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961); *cf.* Morangne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970).

As we have observed, 42 U.S.C. § 1988 provides that "the common law, as modified and changed by the constitutions and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to" cases where the civil rights statutes "are deficient in the provisions necessary to furnish suitable remedies" to protect the civil rights of all persons in the United States.

The Supreme Court, in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961) has furnished a statement of these rights and the protection to be afforded them by section 1983. It regarded the enactment of the predecessor statute of section 1983 as the Congressional response to the message of March 23, 1871, from President Grant:

> "A condition of affairs now exists in some States of the Union rendering *life* and property insecure . . . . Therefore, I urgently recommend such legislation as in the judgment of Congress shall effectually secure *life*, liberty, and property, and the enforcement of law in all parts of the United States. . . ."

365 U.S. at 172–173, 81 S.Ct. at 476–477, *citing* Cong.Globe, 42d Cong. 1st Sess., p. 244 (Emphasis added.)

The Supreme Court also quoted from the remarks of Mr. Lowe of Kansas, who said:

> "While *murder* is stalking abroad in disguise, while whippings and *lynchings* and banishment have been visited upon unoffending American citizens, the local administrations have been found inadequate or unwilling to apply the proper corrective. Combinations, darker than the night that hides them, conspiracies, wicked as the worst of felons could devise, have gone unwhipped of justice."

365 U.S. at 175, 81 S.Ct. at 477, *quoting* Cong.Globe, 42d Cong., 1st Sess., p. 374 (Emphasis added.)

Moreover, the Court found additional evidence of Congressional intent in the summary of the argument in favor of the proposed legislation that was given by Mr. Beatty of Ohio:

> ". . . certain States have denied to persons within their jurisdictions

the equal protection of the laws. The proof on this point is voluminous and unquestionable. . . . [M]en were murdered, houses were burned, women were outraged, men were scourged, and officers of the law shot down; and the States made no successful effort to bring the guilty to punishment or afford protection or redress to the outraged and innocent."

365 U.S. at 175, 81 S.Ct. at 478, quoting Cong.Globe, 42d Cong., 1st Sess., p. 428.

These statements and other evidence of legislative intent cited by the Supreme Court in Monroe v. Pape demonstrate that Congress was acutely aware that there were murders of persons in violation of civil rights and that it intended to provide redress in a civil action for damages.[2] *See especially* 365 U.S. at 179, n. 23, 81 S.Ct. 473. In addition, we observe that the Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), did not question the survival of the action when it unanimously reversed a decision of this court holding that the Eleventh Amendment barred a section 1983 action brought against state officials by the legal representatives of deceased students for causing their death in violation of their civil rights. Although the question whether these actions survived the deaths of the students was not expressly considered by the Court, it could have affirmed our decision if it was clear that the action was barred for a reason different from that upon which we relied.

We find further guidance in our consideration of this case in Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct.

1785, 36 L.Ed.2d 596 (1973), not cited by either party to this appeal, in which the Supreme Court construed section 1988. It stated that "inevitably existing federal law will not cover every issue that may arise in the context of a federal civil rights action," and that section 1988 "is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights." *Id.* 702, 93 S.Ct. 1792. One example that the Court gave in which application of section 1988 might be appropriate was

the survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant. Although an injured party's personal claim was extinguished at common law upon the death of either the injured party himself or the alleged wrongdoer, see W. Prosser, Torts 888–891 (4th ed. 1971), it has been held that pursuant to § 1988 state survivorship statutes which reverse the common law rule may be used in the context of actions brought under § 1983. See, *e. g.*, Brazier v. Cherry, 293 F.2d 401 (CA 5 1961); Pritchard v. Smith, 289 F.2d 153 (CA 8 1961).

*Id.* 702–703, n. 14, 93 S.Ct. 1792.

We have held that section 1988 does not *create* federal causes of action for violation of civil rights. Otto v. Somers, 332 F.2d 697, 699 (6th Cir. 1964), cert. denied, 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965). And we observe that the survival of a cause of action is not the creation of an independent cause of action, like an action for wrongful death.[3] It depends upon the prior exis-

2. Certainly, it is more consistent with the legislative purposes of section 1983 of the Civil Rights Act to hold that actions for its violation survive the death of an injured person than it is to hold that Congress intended to, but did not, enact a statute limiting the time in which the action can be brought. Nevertheless, every court that has considered this question has held that sec-

tion 1983 of the Act was limited by a statute of limitations coterminous with that of the forum state. See *e. g.*, Madison v. Wood, 410 F.2d 564 (6th Cir. 1969), and cases collected at 98 A.L.R.2d 1160, 1162 (1964).

3. Appellees cite 42 U.S.C. § 1985 in support of their contention that when Congress

tence of a cause of action for the deceased. Harper & James, The Law of Torts, §§ 24.1–24.3 (1956). Accordingly, following section 1988, we look to state law in fashioning federal common law since the provisions of section 1983 do not effectuate the broad remedial purpose of that Act by specifically providing for survival of actions.

We have previously held that an action for injury to property in violation of a person's civil rights survives under federal common law in order to effectuate the purpose of section 1983. Nelson v. Knox, *supra.* We hold here that under federal common law, actions for personal injury also survive, and follow Brazier v. Cherry, *supra,* Davis v. Johnson, *supra,* and Perkins v. Salafia, 338 F.Supp. 1325 (D.Conn.1972), where plaintiffs' decedents were killed by police officers in alleged violation of their civil rights, Holmes v. Silver Cross Hospital of Joliet, Illinois, *supra,* where plaintiff's decedent died as the alleged result of blood transfusions administered despite the prohibitions of his religion, and Salazar v. Dowd, 256 F.Supp. 220 (D.Colo.1966), where plaintiff's decedent died as the result of injuries sustained from his allegedly unlawful arrest and incarceration.

■ We adopt as federal common law, the law of Kentucky, the forum state, which provides for the survival of actions for personal injury:

> No right of action for personal injury . . . shall cease or die with the person injuring or injured, except action for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. For any other injury an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract.

Ky.Rev.Stat. 411.140.

Since none of the exceptions is applicable here, we hold that the cause of action alleged in this case survived the death of the injured person and may be maintained by his legal representative.

Reversed and remanded for further proceedings consistent with this opinion.

---

wanted civil rights actions to survive, it expressly stated its intention. 42 U.S.C. § 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; *and if the death of any party be caused by any such wrongful act and neglect,* the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued. (Emphasis added.)

The answer to this contention is that Congress has not legislated in a consistent manner in the area of civil rights. This particular statute applies only to injury or death from neglect of a duty to prevent injury from conspiracies proscribed by section 1985. It strictly limits both the amount of recovery for wrongful death from such neglect and the period for the bringing of an action for redress. In both respects, section 1986 is in the mold of the wrongful death acts (not survival actions) enacted throughout the nation during the nineteenth century. See Harper & James, The Law of Torts § 24.1, nn. 4–7 (1956) and Supplement thereto.

By fashioning survival provisions by reference to state law in other federally created causes of action, and by similarly fashioning periods of limitations when the Congress provided none, the Supreme Court has effectively rejected the implication appellees attribute to section 1986.