Oral PIERCE, etc., et al., Plaintiffs,

v.

Bobby STINSON et al., Defendants.

Eddie WOODS, etc., et al., Plaintiffs,

v.

Bobby STINSON et al., Defendants.

Nos. CIV–2–79–105, CIV–2–79–106.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 20, 1979.

On Proposed Settlements May 23, 1980.

W. E. (Bill) Bowman and Jerry W. Laughlin, Greeneville, Tenn., for plaintiffs.

Edward F. Hurd and Roy T. Campbell, Jr., Newport, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

In each of these actions, the respective plaintiffs seek to recover damages from the defendants for the deprivation of their civil rights under 42 U.S.C. §§ 1983, 1985(3). In neither action has the plaintiff stated a claim upon which relief can be granted under 42 U.S.C. § 1985(3). *Wilson v. Winstead*, D.C.Tenn. (1978), 470 F.Supp. 263, 265–266[1–4].

"* * * There is no cause of action under § 1985(3) unless it is alleged that the conspiracy invidiously discriminated against a person (or persons) because he was a member of a class. * * *" *Ohio Inns, Inc. v. Nye*, C.A. 6th (1976), 542 F.2d 673, 679[4] (appendix), citing *Griffin v. Breckenridge* (1971), 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338. There being no such allegation in either of these actions, the claims asserted under 42 U.S.C. § 1985(3) hereby are DISMISSED *sua sponte* for the failure of the plaintiffs to state a claim upon which relief can be granted.

The respective plaintiffs seek also to assert the state tort claims of false arrest and imprisonment and outrageous conduct under this Court's pendent jurisdiction. "* * * [U]nlike a claim within the court's original jurisdiction, the adjudication of a pendent claim is committed to the district court's discretion and is not mandatory. * * *" *Cemer v. Marathon Oil Co.*, C.A. 6th (1978), 583 F.2d 830, 832[8], n. 2. Having considered the traditional notions of judicial economy, convenience and fairness to the litigants, having further considered the difficulty of the questions posed by such state law claims and the possibility of jury confusion with respect to separating the state from the federal claims, and finally having considered the fact that the plaintiffs appear to have sufficiently alleged violations of the federal Constitution which, if proved, would warrant an appropriate remedy for any and all wrongs arising out of

the conduct complained of herein, the Court, in its discretion, hereby DECLINES to exercise its jurisdiction, if any exists, over such purported pendent claims of the plaintiffs. *See Campbell v. Buckles*, D.C. Tenn. (1977), 448 F.Supp. 288, 292–293[9].

 The adult plaintiffs, in their individual capacities, have no right to recover damages for the unlawful arrest and incarceration of their respective sons. *Robinson v. McCorkle*, C.A.3d (1972), 462 F.2d 111, 114[4], certiorari denied (1972), 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492. One person may not sue for the deprivation of another person's civil rights. *Hall v. Wooten*, C.A. 6th (1974), 506 F.2d 564, 566[1]. Thus, parents have no standing to maintain an action in their own behalf to recover for the deprivation of the civil rights of their children. *Tyree v. Smith*, D.C.Tenn. (1968), 289 F.Supp. 174, 175[1]. If the minor plaintiffs were arrested and incarcerated unlawfully, as is alleged, then their own constitutional rights, and not those of their parents, were violated. Any verbal abuse suffered by Mr. and Mrs. Pierce is not the proper subject of federal civil rights claims. *Cf. Walker v. Cahalan*, C.A. 6th (1976), 542 F.2d 681, 683–684[1], certiorari denied (1977), 430 U.S. 966, 97 S.Ct. 1647, 52 L.Ed.2d 357, and *Paul v. Davis* (1976), 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405.

All claims of the plaintiffs Mr. Troy Pierce, Mrs. Joanne Pierce, Mr. Ulas Woods and Mrs. Evelyn Woods, brought in their individual capacities, hereby are DISMISSED *sua sponte* for the failure of the plaintiffs to state a claim upon which relief can be granted.

It hereby is ORDERED that these two actions be consolidated for the purpose of a pretrial conference and for trial.

## ON PROPOSED SETTLEMENTS

It is proposed by the parties in each of these actions that the cases be settled upon the terms that the defendants will pay $2,000 for the benefit of each minor-plaintiff, ⅓ of which is to be retained by counsel for the plaintiffs as their fee. After the hearing on the proposed settlements, the Court expressed some reservation whether,

on the basis of the evidence presented, the proposed settlements would be in the best interests of the respective minor-plaintiffs. The matter troubling the Court primarily was whether the net amount to be received by the plaintiffs would be sufficient under all the circumstances. Further reflection has convinced the Court that the proposed settlements may properly be approved.

The claim of each plaintiff herein is that the defendants, while acting under color of Tennessee law, arrested and incarcerated each of them without probable cause to believe that either of them had committed an offense and in the absence of exigent circumstances. *See* II (a), (b) of the pretrial order herein of January 16, 1980. This, it is claimed, deprived the plaintiffs of their civil rights under the Constitution, Fourth and Fourteenth Amendments, so as to permit them to recover under the provisions of 42 U.S.C. § 1983.

 The basic purpose of an award of damages in an action brought under 42 U.S.C. § 1983 is " * * * to compensate persons for injuries caused by the deprivation of [the] constitutional rights * * *." *Carey v. Piphus* (1978), 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252, 259[2]. Damages to one who establishes a deprivation of his civil rights, however, will not be presumed; and, where there is no proof of actual injury to the plaintiff, he will be limited to " * * * recover[ing] nominal damages not to exceed one dollar * * *." *Ibid.*, 435 U.S. at 267, 98 S.Ct. at 1054, 55 L.Ed.2d at 267. While a prevailing plaintiff in a civil rights action is entitled to recover for his out-of-pocket expenses and emotional distress, " * * * there must be sufficient evidence to support such a finding. * * *" *Morrow v. Igleburger*, C.A. 6th (1978), 584 F.2d 767, 769.

 It is undisputed that neither of the plaintiffs herein suffered any physical injury as a result of his respective arrest and brief incarceration. Neither apparently incurred any out-of-pocket expense. In fact, the only possible damage to the plaintiffs that the Court is able to discern is the humiliation and mental distress of being deprived of their freedom for several hours.

It is conceivable that, if a trial were held, the plaintiffs would not be able to establish any actual damages sustained as a proximate result of any wrongful conduct on the part of the defendants and, thus, any recovery by them of compensatory damages would be limited to nominal damages in the amount of $1. Although the plaintiffs seek also to recover punitive damages, in view of the representations of counsel, there appears a very good chance that they would not have evidence of malice on the part of the defendants sufficient to support such an award.*

From all which the Court hereby FINDS that the net amount to be paid to each plaintiff under the terms of the proposed settlements is fair and reasonable and that the proposed settlements are in the best interests of the minor plaintiffs. Accordingly, each such settlement hereby is

APPROVED.

---

* Before the plaintiffs could recover punitive damages, they would have to show that the defendants acted maliciously. *Ibid.*, 584 F.2d 769[2]. Such malice will not be presumed. *Idem.*