**Linda HAYES and John Hayes, Plaintiffs,**

v.

**Harry VESSEY, Defendant.**

**Civ. A. No. 81–60065.**

United States District Court, E.D. Michigan, S.D.

Feb. 8, 1984.

Edward R. Stein, O'Brien, Moran & Stein, Ann Arbor, Mich., Lawrence W. Sperling, Ypsilanti, Mich., for plaintiffs.

Brian MacKenzie, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendant.

ORDER

JOINER, District Judge.

This case is before the Court on defendant's Motion for Judgment Notwithstanding the Verdict pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. Defendant ... argues that the derivative claims of plaintiff John Hayes for loss of consortium are not cognizable in an action brought under 42 U.S.C. § 1983.

. . . .

Although there are no decisions directly on point, it is clear that the derivative claims of husband John Hayes are cognizable under § 1983. In *Hall v. Wooten*, 506 F.2d 564 (6th Cir.1974), the Court of Appeals was faced with the question of whether or not the survivors of a man who was murdered by fellow inmates while he was incarcerated in a jail could maintain an action for denial of the Eighth Amendment rights of the deceased. The Court noted that § 1983 itself does not provide for the bringing of such a derivative action. Consequently, the Court concluded that it was directed by the terms of 42 U.S.C. § 1988 to determine whether or not such a deriva-

tive action could be maintained under § 1983. The former statute provides that the district courts are to apply the laws of the state in which they sit in determining the scope of the remedies available under the civil rights statutes, insofar as those statutes "are deficient in the provisions necessary to furnish suitable remedies and punish offenses against the law."[1] The *Hall* Court concluded that, because the law of Kentucky provided for the survival of an action for personal injury, which was the closest analogous state law action to the claim of constitutional rights deprivation brought under § 1983, the plaintiffs were entitled to maintain their § 1983 action, 506 F.2d at 569.

Likewise in this case, Michigan law permits a husband to maintain an action for loss of consortium against a tortfeasor who has caused injury to the wife. *Whitson v. Whiteley Poultry Co.*, 11 Mich.App. 598, 162 N.W.2d 102 (1968). The Court concludes that this state rule concerning the availability of a derivative action for loss of consortium should be applied by virtue of § 1988, to a § 1983 action brought by the husband of the person whose constitutional rights were violated in such a manner as to cause her personal injury.

The case of *Pierce v. Stinson*, 493 F.Supp. 609 (E.D.Tenn.1979), cited by defendant, is distinguishable. In *Pierce*, the Court merely concluded that a parent did not have standing under § 1983 to bring an action for violation of the Fourth Amendment rights of the son. The *Pierce* case stands for the unremarkable proposition that one person may not recover for an injury that results from unconstitutional conduct directed at another merely because the first stands in the position of a legally recognized relationship to that other. By contrast, plaintiff John Hayes brought suit to recover damages in this case for injuries that were incurred by himself, the impairment of his marital relationship with his wife, in which relationship he had his own legally protected interest. In *Pierce*, the alleged violations of the child's Fourth Amendment rights to be free from unreasonable searches and seizures did not affect any associational rights of the parents that grew out of their relationship to their child. By contrast, plaintiff John Hayes alleged in this case, and the jury concluded, that the wrongful conduct of defendant resulted in damage to the marriage relationship between John and Linda Hayes.

For the foregoing reasons, the motion is denied.

SO ORDERED.

---

**1.** The relevant portion of the text of that statute provides as follows:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.