23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Linda RAWLINGS, Plaintiff-Appellant,
v.
Scott LITTLETON, M.D.; Lonnie Lyles; Peggy Nunn; Mary
Kuchunbaum; Daun Andrews; Randy Kimbrough; Pamela Beaty;
Rick Dorsey; Judy Glass; Pat Guthrie; Dennis Minix; Mary
Ross; Ernie Small; Buddy Turner; Margaret Freeman;
Thomas R. Lewis, Judge; Bill Haynes; Margaret Young; Jo
Ann Coleman; Bill Andrews; Michael Moore; Gary Ehling;
Madena Basham; Kenneth Royse; Theresa Nelson; Bob
Rathbaum; Becky Miller; Johnny Watts; John Hoyle;
Margaret Robbins; John Childress; Jo Ann Farina; Gary
Drake; Charles Baker; Suzanne Pash; Cathy Reeves,
Defendants-Appellees.
 No. 93-5223.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: MERRITT, Chief Judge; KENNEDY and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Linda Rawlings appeals a district court order dismissing her civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The defendants have filed various motions to dismiss. Rawlings has filed a motion for a restraining order, and the defendants have responded. Rawlings has also filed a motion to supplement the record and a motion to produce records. The defendants also request attorney's fees for the expense of responding to Rawling's motion to supplement the record. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rawlings originally filed six complaints, three of which also named Rawlings's son as a plaintiff. The complaints against numerous defendants, which the district court consolidated, arose out of court proceedings resulting in the removal of Rawlings's son from her home and his placement in the Rivendell Youth Center and the Dessie Scott Children's Home in Pine Ridge, Kentucky. In a typewritten statement of claim attached to each of the six separate complaints, Rawlings alleged that she has not been allowed to visit her son for almost one year and that she has not been provided family therapy that would prepare her for her son's return to her home; that Social Services has hidden wrongdoings by Dessie Scott Children's Home; and that her son has had medical problems, has been denied medical attention, and has lost a total of 57 pounds while in the custody of Social Services. Rawlings alleged additional claims such as medical malpractice, defamation of character, blackmail, lost wages, assault charges on behalf of her son, and filing false incident reports. She sought injunctive and monetary relief.
 
 
 3
 On July 8, 1992, the district court dismissed the allegations on behalf of Rawlings's son. The court held that a parent who is not an attorney could not represent the interests of her minor children. See Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986) (per curiam); Lawson v. Edwardsburg Public School, 751 F.Supp. 1257, 1258 (W.D.Mich.1990); Pierce v. Stinson, 493 F.Supp. 609, 611 (E.D.Tenn.1979). The court also ordered Rawlings to amend her complaint to allege facts sufficient to state a legal theory of recovery cognizable under Sec. 1983.
 
 
 4
 Rawlings filed an amended complaint on July 24, 1992, and the defendants filed various motions to dismiss. In separate memorandum opinions and orders entered December 21, 1992, and February 3, 1993, the district court dismissed the complaint against the various defendants for failure to state a claim upon which relief may be granted.
 
 
 5
 Initially, we address the defendants' motions to dismiss Rawlings's appeal. First, contrary to the defendants' claim, Rawlings properly perfected an appeal. A mistake in designating the judgment appealed from is not always fatal as long as the intent to appeal from a specific ruling can be fairly inferred by probing the notice. Sanabria v. United States, 437 U.S. 54, 57 n. 21 (1978). In this case, it can be fairly inferred that Rawlings intended to appeal the decision of the district court dismissing her case against all defendants. Accordingly, Rawlings properly perfected an appeal from the district court's decision in its entirety.
 
 
 6
 Second, contrary to the defendants' claim, the Sixth Circuit docket sheet reflects that Rawlings did file a motion to proceed in forma pauperis in the Sixth Circuit on March 1, 1993, well before the March 22, 1993, deadline. The motion to proceed in forma pauperis was denied in an order filed May 10, 1993, and Rawlings paid the filing fee on May 14, 1993. Thus, the defendants' claim on this point must fail.
 
 
 7
 We will only address the dismissal of Rawlings's claims. We need not address the purported claims asserted on Rawlings's son's behalf because we agree with the district court that Rawlings cannot represent the interests of her minor son in this case. The district court ruled that a parent who is not an attorney could not represent the interests of her minor children. We note that a parent, if appointed next friend, could sue on her minor child's behalf. See Fed.R.Civ.P. 17(c). However, there is no indication from the record that Rawlings was appointed next friend in this case.
 
 
 8
 Upon review, we conclude that the dismissal of Rawlings's suit was proper as Rawlings undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990); Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990). A pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give the defendants fair notice of the claims against them. See Leatherman v. Tarrant County Narcotics, 113 S.Ct. 1160, 1163 (1993). Here, Rawlings failed to set forth any allegations in her complaints to support a legal theory of recovery cognizable under Sec. 1983.
 
 
 9
 Accordingly, the motions to dismiss are denied, the motion for injunctive relief is denied, the request for attorney's fees is denied, the motion to supplement the record is denied, the motion to produce records is denied, and the district court's order dismissing Rawlings's six complaints is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.